UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BATAVIA WOODS, LLC, Case No. 1:13-cv-696
 Plaintiff, Spiegel, J.
 Litkovitz, M.J.

vs.

JANE WAINWRIGHT, *et al.*, **ORDER**
 Defendants.

This matter is before the Court following a discovery conference held on January 17, 2014, on: (1) plaintiff Batavia Woods, LLC's motion for a protective order (Doc. 70); (2) the joint motion of plaintiff Batavia Woods, LLC and cross-claimant defendant Joyce McDowell to limit the deposition of pro se cross-defendant Charles Gang (Doc. 77); (3) the joint motion of plaintiff Batavia Woods, LLC and cross-claimant defendant Joyce McDowell to limit the deposition of Joyce McDowell (Doc. 78); and (4) defendants Joan Woods and Sharon Burson's motion to resume the deposition of Mr. Gang and compel his testimony. (Doc. 87). The Court has also considered the position statements submitted by the parties in preparation for the conference, which are attached hereto. Counsel for all parties attended the conference telephonically. Pro se cross defendant Charles Gang did not appear.[1]

### I. Deposition of Charles Gang

Mr. Gang was initially deposed by attorney for defendants Woods and Burson, Nancy Starke Brewer, on November 6, 2013. *See* Doc. 87, Ex. 1. Due to Mr. Gang's repeated invocation of his Fifth Amendment right against self-incrimination, attorney Brewer stopped her line of questioning and held the deposition open pending a Court ruling on whether Mr. Gang

---

[1] Melanie E. Mize, Esq., attorney for plaintiff, represented that she personally handed a notice of today's conference to Mr. Gang.

should be compelled to provide answers to her line of questions. *See id.* at p. 71, lns. 13-16. Attorney Brewer subsequently noticed the continued deposition of Mr. Gang for February 25, 2014. (Doc. 75). Plaintiff Batavia Woods, LLC filed a motion for a Court Order suspending the deposition asserting that it would be improper until such time as the Court made a ruling regarding Mr. Gang's Fifth Amendment rights. (Doc. 77).

As stated during the hearing, the Court finds that all parties have a right to question Mr. Gang. In light of the Fifth Amendment issues raised in the first deposition, the Court finds that the most efficient way to proceed is for the deposition to be continued and held in the undersigned's courtroom. Accordingly, Mr. Gang is **ORDERED** to appear at Room 708 of the Potter Stewart Courthouse, 100 E. Fifth Street, Cincinnati, Ohio, 45202, on **February 27, 2014 at 9:00 a.m.** to resume his deposition. Prior to the commencement of Mr. Gang's deposition, the Court will review the transcripts of Mr. Gang's deposition testimony submitted by the parties and will be available to make determinations as to whether Mr. Gang should be compelled to answer counsel's questions. As stated during the hearing, counsel is responsible for retaining a court reporter for Mr. Gang's deposition.

**II. Deposition of Joyce McDowell**

The parties' dispute as to the scope, timing, and location of Joyce McDowell are detailed in their respective briefs and will not be reiterated here. *See* Docs. 78, 85. As stated during the hearing, defendants are entitled to the full seven hours of deposition time allotted under Federal Rule of Civil Procedure 30(d)(1) to depose Ms. McDowell, regardless of whether counsel for Ms. McDowell noticed her deposition first. Accordingly, Ms. McDowell is to be made available on both **February 18, 2014** and **February 24, 2014** for depositions to be held at the offices of the Legal Aid Society of Cincinnati given the offer of attorney Noel M. Morgan,

counsel for defendant Jane Wainwright. To the extent that counsel for Ms. McDowell seek to depose their own client, the Court suggests that the most efficient way to proceed is for counsel for defendants to proceed first.

### III. Protective Order

Plaintiff seeks the entry of a protective order whereby information regarding the tenants and former tenants of plaintiff's rental complexes is deemed confidential and for "attorney's eyes only," raising a concern that the parties will improperly use this information to harass former and current tenants. Counsel for defendants object on the basis that the protection sought by plaintiffs is overbroad and would prevent counsel from working with their clients to identify potential witnesses and properly defend against plaintiff's claims. As stated during the hearing, to the extent that plaintiff seeks to designate information related to tenants' social security numbers, health information, financial information, or driver's license numbers, the Court finds that such information is properly designated as confidential and subject to an "attorney's eyes only" provision. However, information such as the names, addresses, and telephone numbers of tenants and former tenants is not confidential and such information may be shared by counsel with their clients. The parties **shall** submit a joint protective order to the Court that complies with these determinations on or before **January 24, 2014**; in the event the parties fail to submit an order by this date the Court will enter a protective order *sua sponte*.

In light of the above, plaintiff Batavia Woods, LLC's motion for a protective order (Doc. 70), the joint motions of plaintiff Batavia Woods, LLC and cross-claimant defendant Joyce McDowell to limit depositions (Docs. 77, 78), and defendant Woods and Burson's motion to

compel (Doc. 87) are **DENIED** as moot.

      **IT IS SO ORDERED.**

_1/17/14_
Date

Karen L. Litkovitz
United States Magistrate Judge