UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, AT CINCINNATI

| | | |
|---|---|---|
| BATAVIA WOODS, LLC, | : | Case No. 1:13-cv-00696-SAS-KLL |
| Plaintiff, | : | |
| -vs- | : | Judge Spiegel |
| | : | Magistrate Judge Litkovitz |
| JANE WAINRIGHT, *et al.*, | : | |
| Defendants. | : | PROTECTIVE ORDER STIPULATION |

The signing parties have stipulated to the following Protective Order as provided by Civil Rule 26(c) and in accordance with the Court's January 17, 2014, Order.

This stipulation is limited specifically to information subject to all discovery concerning information regarding the business operation, current and former tenants of Batavia Meadows.

Subject to a proper discovery request, producing parties shall disclose to counsel for a requesting party all information that is subject to discovery under FRCP 26. The following tenant information shall have the limited protection of "for attorney's eyes only," meaning that the attorney who receives the information may not disclose it to his or her client:

- Social Security numbers;
- Driver's license numbers;
- vehicle license tag numbers;
- personal health or personal financial information of individuals;
- personal information contained in an employee's personnel file;
- trade secret or other confidential research, development, or commercial information subject to confidential treatment under Federal Rule of Civil Procedure 26(c)(1)(G).

In the event of a dispute as to whether information is properly designated "for attorney's eyes only," the party seeking to protect the information bears the burden of demonstrating that the information should be protected.

1

This stipulated order expressly does not extend protection to the names, addresses, and phone numbers of tenants, former tenants, or any other persons whose information may be found in Plaintiff's files. That information must be disclosed without any restriction.

When a producing party determines that a document contains a mixture of protected and un-protected information, the party shall provide two copies of the document, one with and one without redaction of the protected information. The producing party shall clearly identify the redacted document as "Subject to Protective Order. Sensitive information has been deleted." The producing party shall clearly label the unredacted document as "Subject to Protective Order. This document is for attorney's eyes only." Attorneys inspecting documents will similarly protect the designated confidential information as described.

The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated "For attorney's eyes only" to any third person or entity except court reporters and recorders engaged for depositions; consultants, investigators, and experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding; and other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or order.

Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any other orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial. Absent further order of the Court, this Order does not restrict the introduction of protected material at trial.

This Protective Order is without prejudice to the right of any party or nonparty to argue that certain information designated as protected (a) should not be subject to this Protective Order; (b) is not relevant to any issue in this case; or (c) otherwise should not be admitted as evidence in the case.

The inadvertent disclosure of unmarked material that the producing party believes should have been designated "For attorney's eyes only" shall not be deemed to waive or impair the producing party's right to make designations under this Protective Order going forward. No person shall be subject to any penalty or sanction for any otherwise appropriate use of any material before they have been designated pursuant to this Order.

Inadvertent disclosure of any material subject to a claim that it is protected from discovery by the attorney-client privilege, the attorney work product doctrine, or any other

applicable privilege or protection against discovery shall be governed by Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5).

The protections of this Order do not extend to any material required to be produced by an appropriate subpoena, court order, a regulatory agency, or otherwise by law.

This Order is subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

This Order is binding upon all counsel and their law firms, the parties, and person made subject to this Order by its terms. Information that is restricted by this Order includes such material and information previously provided in discovery, as well as in the future.

This Order shall be strictly construed in favor of public disclosure and open proceedings. It is subject to the Local Rules of this District and the Federal Rules of Civil Procedures. Any allegations regarding violation of this Order shall be submitted to the Court for adjudication.

_____
UNITED STATES MAGISTRATE JUDGE

/s/ Melanie E. Mize
Melanie E. Mize (0083919)

/s/ Lindsey Neyra
Lindsey Neyra (0083639)
Counsel for Plaintiff Batavia Woods, LLC and Cross Claim Defendant Joyce McDowell
Neyra, Mize & Associates
10428 Kenwood Rd, Ste. 201
Cincinnati, OH 45242
Phone: (513) 745-9095
Fax: (513) 283-0098
Email: contact@neyramize.com

/s/ Noel M. Morgan
Noel M. Morgan (0066904)
Molly Russell (0088044)
Counsel for Defendant – Cross Claim Plaintiff Jane Wainright
Legal Aid Society of Southwest Ohio, LLC
215 East Ninth Street, Suite 500
Cincinnati, Ohio 45202
Phone: (513) 362-2837
Fax: (513) 241-1187
E-mail: nmorgan@lascinti.org

*/s/ Nancy Brewer*
Nancy Brewer (0086145 )
Counsel for Defendants – Cross Claim Plaintiffs Joan Woods and Sharon Burson
Law Offices of Nancy Brewer
1059 Wittshire Circle
Cincinnati OH 45255
Phone: 513-979-4138
Fax: 513-453-4668
Email: nbrewerwv@gmail.com

*/s/ Michael A. Kennedy*
Michael A. Kennedy (0002794)
Counsel for Defendants Housing Opportunities Made Equal and Latonya Springs
70 N. Riverside Dr.
Batavia, Ohio 45103
Phone: (513) 732-2040
Fax: (513) 732-3536
Email: mkennedy@fuse.net

*/s/ Carolyn E. Gutowski*
Carolyn E. Gutowski (0085748)
Counsel for Ohio Civil Rights Commission, Anthony Corona, and Sharon Griffin
Assistant Attorney General – Civil Rights Section
Office of Ohio Attorney General Mike DeWine
30 East Broad Street, 15th Floor
Columbus, Ohio 43215-3428
Phone: 614-466-7900
Fax: 614-466-2437
Email: carolyn.gutowski@ohioattorneygeneral.gov